Thank you, Your Honors. Your Honors, my name is Roger Segal. I was the attorney of record at trial record, and I'm also the attorney of record obviously before you. This case presents an important sensing issue, particularly important in the District of Arizona because of the frequency with which it occurs on a daily basis, yet different District Courts are dealing with it in a different manner. So the District Courts do require some guidance, I believe, on this. Due to the sheer volume of reentry cases in the District of Arizona, some District Courts have decided, as this Court did, that they lack the discretion to consider the reasons why a defendant reenters the country illegally, whether or not the reasons are unusual or extraordinary. Where do you get that the judge said he lacked the discretion? What he said was that as opposed to weighing one child's situation or one family's situation against the other, it's not something that he undertakes not because he lacked discretion, but because it would be a fruitless and probably speculative undertaking. So he says, I have considered everything that's going on in your life and the life of your wife and your child, and then he gave this four-time deported fellow a very substantial non-break below the guidelines. And what other reason could he be giving for it than having taken into account that? Well, Your Honor, I see the portion which you're referring to when you compare that to the much, much more specific references that the District Court made with respect to I cannot consider, he repeats that twice, I cannot consider, I do not consider, when you, it's not, I'm not in the business of He wasn't using cannot in the sense that he doesn't have discretion to. He was, from my reading of the transcript, he was using it in the sense that how can a human value one reason over another? You know, your child is sick, your child is disabled. I think he was saying I can't put a value on that because every situation is different and everybody thinks their circumstance is the most trying one. And I did not read the transcript as saying he didn't have the discretion to do so, but that he felt that it was, that there were no standards by which he could judge that. And I respectfully suggest, Your Honor, that the District Court, when it suggests that, is abdicating its responsibility in terms of objectively evaluating different defendants' purposes for committing a crime. That's the very essence of it. So how, so tell me how, if one defendant says the reason I came back illegally was because my child was sick. And a second defendant says the reason I came back was because my child was disabled. And the third one says the reason I came back was because my child was desperately in need of money. And a fourth one says the reason I came back was because my child was facing surgery, etc., etc. Tell me how rationally a judge could go about weighing those differently. I agree, Your Honor, that there may be some gray areas. This is not a case that involves gray areas. What's gray about that? These, as Judge Rawlinson pointed out, this comes up all the time. Everyone who comes back in these situations has an excuse. And the most common excuse is familial. And this judge wasn't saying he doesn't take that in the broad sense into account. He says, I don't get into the more nitty-gritty evaluation of whether this child should be weighed more than that child, whether surgery is weighed more than poverty or whatever. This is a case, Your Honor, where we're not dealing with economic reasons or a defendant that's sick or, for that matter, a defendant that didn't present extremely extensive substantiation medical records. This is a case where the defendant's son was dying, had terminal brain cancer, had nine brain operations, 19 other operations, was seven years old, and the doctor said that it was a miracle that he was still alive. Where the court specifically says that I cannot consider or weigh the relative seriousness or the relative reasons for a defendant to come into the country and I don't get into that business because I cannot. When you're dealing with an issue with such a, I think on any level, the four examples that you propose, Your Honor, I think that the facts in this case are by any standard, by anybody's standard, well above any of those cases, because you have a child who's dying, the doctor's reports are there, they said it's a miracle that the child was living, and he was going in for another brain surgery. Mr. Segal, the problem I have with this transcript is Judge Collins says at one point that I can't consider this, I don't consider this, but in the end, he says, I've considered everything, right? And I consider everything that's going on in your life, your child's life, and I think this is a fair sentence. So how do you reconcile those two statements? I think that's probably the closest, you know, question in this case. And I think, Your Honors, that when you have a district court repeating on so many different occasions a very, very specific, specific, I cannot, I do not, and then at the end, the court is saying in a very general manner, I've considered all the factors, including, including your circumstances, your son and your wife's, that number one, that is not, it's the only way to reconcile that with the previous statements that the court does not have, does not consider and cannot consider those issues and explains why it cannot and does not. The only possible way that I can reconcile those positions is that the court, is that the court is either saying, you know, I've considered it, but I can't take it into consideration. I mean, I've considered it, but it can't be a basis for a variance because through... But isn't the record just to the contrary? He, the, the two sentences that are together are, I have considered everything that's going on in your life and the life of your wife and your child. And the next sentence is, all that being said, I think 30 months is more than fair. What other reason was there for a non-guideline sentence other than this reason? Well, I'm sorry, go ahead. No, no. The court previously, just before that, discussed the fact that the defendant's crime was over, I believe, 10 years, 10 years old, that when he, when he was deported from the country, it was not, it was not before an immigration judge. It was not at his choice. The defendant... Wait a minute. He was deported four times. Isn't that right?  He comes back and rewards the situation by attempting robbery, and for which he is... Then he's deported in March 2009 for the fifth time and is found in Arizona on October 29, 2009. So he keeps doing this again and again and again and again. Maybe he has many children. But the, this was all before the sentencing judge. And the only thing he singled out before he pronounced the sentence was the very factor you say he didn't consider. In a very general way, when the court very specifically on several other occasions says that I cannot repeatedly, I do not, I'm not in the business of, and then, Your Honor, with respect to, I don't disagree. Certainly, there may have been grounds to not view this defendant in the best of lights. In terms of his prior immigration history, that he had returned three or four times, that's certainly nothing very extraordinary in our district. But what the court pointed out was that, as did I at sentencing and in the papers, was that this defendant never was warned of, was never before an immigration judge and wasn't warned of the consequences. But moreover, I think the real issue is, does the fact that the court granted a downward variance based at least, it's very difficult to tell exactly where the court says, expressly says that I get what you're saying. I get how hard it is for someone. I can't imagine the pull. I can't imagine how difficult it's been for your parents. Having said that, you're here, and I can't consider that. All right, counsel, we understand your argument. You've exceeded your time. We'll give you a minute for rebuttal. We'll hear from the government. Good morning. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States in this matter. In evaluating what the district judge did in this case, you have to look at the record as a whole. He expressly stated he considered the circumstances of the defendant, his family, his child, when he imposed sentence. The comment about that was earlier on in the transcript can't be, cannot be viewed, viewing the record as a whole, as a statement that he did not have discretion to do a downward variance based on that. Yeah, but what does it mean? Does it mean he didn't mean what he said? I think he said, I don't consider those factors. In context, it appears what he's saying is you can't basically mathematically weigh the differences between people who are in different circumstances. As he said, everybody has an excuse that they think is a very good excuse for coming back into the country. So in that context, he's saying he can't, you can't make those kind of evaluations. At the same time, he clearly recognizes he can vary downward for that. For the, I mean, for the court to take his statement that he can vary in this day and age in the context of sentencing that we're doing now is such an extraordinary statement that it just doesn't, it's not consistent again with the record as a whole. It could be he's just simply commenting on, if you look again at the transcript as a whole, just before he made those comments, the defense counsel had asked for a time-served sentence. Perhaps he was just explaining why he didn't think a time-served sentence was appropriate. But he clearly considered, and he said he considered the circumstances of the wife and child in an imposing sentence and, in fact, did do a substantial downward variance in this case. So in that regard ---- Kennedy, if he had stopped his comments, you know, after making these remarks on, I guess, page 13 and 14, would you say it would be error at that point if he didn't wrap it up in the end to say I've considered everything? I think the defendant would have certainly a much stronger argument in that case. And, again, the government's position is that this review, it should be for plain error because there was no objection. I mean, for example, think how it plays out. The court makes those comments. The defense counsel says, excuse me, Judge, are you saying you don't have discretion to do that? Or, excuse me, Judge, are you saying you're not going to consider the ---- Well, wait a minute. But aren't there cases that say at that point where the sentence has been rendered, you know, defense counsel doesn't have to object because it's already a fait accompli? Well, at that point, when the court made the comments that we've been talking about, the first set of comments, the sentence had not been imposed. Well, that was, you know, this was all just a single commentary in the course of pronouncing the sentence, right? It was sort of the end of the proceeding. It was before he had pronounced the sentence. The comments that the defense is focusing on were comments clearly made before the court pronounced the sentence. And in that case, if the defense counsel or defendant believed the court was making such an outrageous statement as it didn't have discretion to consider the circumstances of the defendant and his family, there should have been an objection. If there had been an objection, the court probably would have said something very similar to what he says at the end. Of course I considered everything, including your family and all that. I mean, it just you've got to look at it as a whole. Clearly, Judge Collins was sympathetic to the defendant's situation. That comes out clear from reading the transcript. Clearly, he thought the guideline sentence was too high. Clearly, he imposed a substantial downward variance from the sentence. And clearly, he said he considered the circumstances of the defendant, his wife and child. That, in the context of this type of case, was an adequate explanation, particularly under the Plenary standard. Thank you. Unless the Court has any further questions? No further questions. It appears not. Okay. Thank you. One minute for rebuttal. Thank you, Your Honors. What's particularly concerning is that there were several other reasons that were given by defense counsel that were commented on by the Court as grounds for variance. Number one was the role of the 16-level enhancement for a 10-year-old crime where a defendant was identified, and the papers are included in the sentencing papers, where the defendant was identified by three of the four witnesses as not being in the, involved in the robbery, but rather being in the vehicle, and where his, where the pre-sentence report reflected that he was, he didn't know that they were going in there to take some beer or whatever it was, and they jumped in the car. So that the Court had objective other reasons, including the fact that he had been in front of the immigration judge. If he didn't know that it was a robbery, he could not have been convicted of attempted robbery, so that can't be right. Well, certainly the defendants all the time plead either no contest or, in Arizona, Alfred, to circumstances where they're agreeing there are, there is evidence of beyond reasonable doubt in terms of. And in that case, it's viewed, those are the relevant facts. But if the, he pled guilty to attempted robbery, and he got a year in jail, and the is refuted as a matter of law. It's not even an open question for the judge. The judge would have been in violation of his oath if he had said, oh, it wasn't a real robbery. I'm sorry if I, if I'm not expressing myself clearly. What I'm, I'm not saying that he was not guilty. I am, I am saying that his relative role in the offense, as recognized by the sentencing judge, the sentencing judge specifically sentenced him based on your role in the offense. I'm giving, where the prosecution and the government were asking for three and a half years, the court gave him time served. Counsel, when you were at the sentencing hearing and you heard the judge making these statements, did it strike you at that time that he was indicating that he lacked discretion? Yes, it did. And I must say, Your Honor, that it's not in our district. We, there are district courts that, that frankly, in several situations, that believe that they don't, they don't have the discretion, because to do so, to recognize that they have the discretion in reentry cases, because of the sheer volume of reentry cases, would be to open a floodgate. Okay. But you didn't think it prudent to make a record on that point? Your Honor, I believe the entire, the entire sentencing, the entire sentencing was focused on the issue of whether this defendant's child's medical circumstances were, were such that a variance was warranted. I didn't see anything ambiguous in the court's statement. At the very end, when the court indicated that... Well, the court, we've had cases where the court said, I lack discretion to make that determination. And it's clear in that case. It's not clear in this case that he's saying, I lack. And this is an experienced district court judge. He knows the difference between exercise, exercising discretion and not having discretion. And so it's just curious to me that if you were of the view that in this day and age a judge is saying, it's very unusual for a judge to say he lacks discretion. So if you were of the view that that's what he was saying, it would have been prudent, in my view, for you to have brought that to the attention of the judge so he could say, yes, that's what I'm saying, or no, that's not what I'm saying. It may have been prudent, Your Honor, and it may have been the wiser course, but I believe in the context that it was not required. I cited some cases in my materials about, number one, there's cases which say where a defendant also raises substantive, Evans-Martinez raises substantive error, then, I mean, if we're talking about whether this should be plain error or not, analysis or not, there are cases that say if the defendant raises a substantive reasonableness, then the court has a sui sponte duty to review for procedural error, and that duty, that's the standard of review that's employed, is not plain error where the issue is – where the issue will not prejudice the... But is there a substantive... Yes, there was. ...challenge here? Yes, there was. All right. All right, counsel. You've exceeded your time. Thank you for your argument. Thank you to both counsel for argument on this case. The case is submitted for decision by the court. The next two cases, Doe v. Holder and Singh v. Vasquez, are submitted on the briefs.
judges: Tashima, Rawlinson, Cjj Rakoff (S. New York), Dj